{¶ 10} I respectfully dissent from the lead opinion and would affirm the trial court's imposition of the three-year prison sentence. It should be noted that the lead opinion has not commanded a majority of this court and, for that reason, any statements made in the lead opinion's analysis of the case are purely dicta and not the law of this court.
 {¶ 11} Had the lead opinion received a majority of this court, its reliance upon Blakely v. Washington (2004), ___ U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403 for the purposes of vacating Glass' sentence and remanding this matter to the trial court for resentencing is misplaced. Blakely held that the maximum sentence may be imposed only on the "facts reflected in the jury verdict or admitted by the defendant." ___ U.S. ___,124 S.Ct. at 2537. As explained by Blakely:
 {¶ 12} "In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Id.
 {¶ 13} Here, the lead opinion suggests that because the trial court based its imposition of the three-year prison term on Glass' lack of remorse and juvenile delinquency — facts not admitted by Glass nor before the jury — Glass' sentence must be vacated and remanded for resentencing in light of Blakely.Blakely, however, was decided under a sentencing grid that virtually mirrored that of the federal sentencing guidelines. Unlike the sentencing grid in Blakely, Ohio uses definite sentencing within minimum and maximum ranges for particular classes of felonies and offenders know going into trial what range of sentence they might face for a particular degree of offense. Although Ohio presumes that an offender receive the minimum sentence for a first offense, the range of penalties for a particular class of felony are definitively stated. Glass was aware that he could face a prison sentence for pleading guilty to attempted felonious assault, a felony of the third degree, of one, two, three, four, or five years. R.C. 2929.14(A)(3).
 {¶ 14} Despite not having served time before, the trial court found, pursuant to R.C. 2929.12 and 2929.14, that Glass' lack of remorse and his juvenile delinquency rebutted the presumption that he receive the minimum one-year sentence. It is an absurd application of Blakely to suggest, as the lead opinion does, that the trial court should empanel a jury to determine Glass' lack of remorse and juvenile delinquency during sentencing. Because such factors are among those traditionally found by the trial court, the trial court need not resentence Glass in light of Blakely as its sentence does not implicate Blakely. I would thus affirm the trial court's imposition of the three-year prison term.